REYNALDO G. GARZA, Circuit Judge,
dissenting:
The majority concluded that Gaytan’s challenge to the district court’s failure to give a separate interrogatory on the issue of qualified immunity lacked merit. I respectfully dissent because Gaytan has satisfied his burden of demonstrating that the absence of a separate interrogatory on qualified immunity “misled, prejudiced, or confused” the jury. See Whitehead v. Food Max of Miss., Inc., 163 F.3d 265, 272 (5th Cir.1998) (citations omitted). Although the district court instructed the jury on the basic elements of the defense of qualified immunity in the general jury charge, a separate interrogatory was necessary given the facts of this case to avoid jury confusion.
Several factors support my conclusion. First, qualified immunity was the central issue of the prison guard’s defense in this Section 1983 case. In fact, it is often the crux of such cases. The more important an issue, the more we should require that jury instructions and special interrogatories direct the jury’s attention to that issue. We should therefore be especially concerned that the trial court failed to draw the jury’s attention to this issue in the jury instructions and in a separate special interrogatory.
In that light, several failures to direct the jury’s attention to the qualified immunity issue trouble me in this case. First, *495 the jury instructions did not even use the term “qualified immunity.” Second, the jury instructions merely used qualified immunity-type language as part of a single paragraph on liability. Third, there was no separate special interrogatory which told the jury to consider qualified immunity-
Fourth, and perhaps most troubling, even if we give the instructions the benefit of the doubt, we will find that the jury charge and the interrogatories are inconsistent. Let us say we assume that the jury charge provided to the jury instructions on both excessive force and qualified immunity but an interrogatory only as to excessive force. The jury could well have understood the difference between the substantive claim of excessive force and defense of qualified immunity, but then could have been confused as to the odd disappearance of qualified immunity in the interrogatories. In other words, assuming that the jury instructions explain that liability in this case had two prongs, i.e. that Sike’s Eighth Amendment rights were violated and that the officer’s behavior was unreasonable, the interrogatory contradicted the instructions when it told the jurors that they only need find that Sike’s Eight Amendment rights were violated in order to find Gaytan liable. Accordingly, the First Interrogatory states: “Considering all of the instructions in the jury charge, do you find that Plaintiff Robert D; Sikes proved by a preponderance of the evidence that on August 22, 1995, Defendant Juan F. Gaytan violated Plaintiffs Eighth Amendment constitutional right to be free from cruel and unusual punishment?” This was all the interrogatory said, and no other interrogatory spoke to liability.
This is especially troubling because my experience of 18 years on the trial bench and over 21 years on the appellate bench show that a jury will often miss important issues when the interrogatories fail to focus the jury’s attention on the issue. We should be less tolerant of the risk that the jury will be confused into overlooking such a central issue. Even if Snyder permits a trial court to combine qualified immunity and the liability issue in the same jury interrogatory, it does not permit a trial court to confuse the jury by completely deleting qualified immunity from any of the jury interrogatories. See Snyder v. Trepagnier, 142 F.3d 791, 800 (5th Cir.1998), reh’g and reh’g en banc denied, 149 F.8d 1181 (5th Cir.), cert. dismissed, 526 U.S. 1083, 119 S.Ct. 1493, 143 L.Ed.2d 575 (1999). Snyder certainly does not permit interrogatories which, because they are inconsistent with the jury instructions, suggest that the qualified immunity issue has dropped out of play.[1] Given the facts of this case, we should require that qualified immunity be discussed in a separate special interrogatory. At a minimum, we should require that the jury instructions and interrogatories do not actively mislead the jury into believing that the qualified immunity issue has dropped out of consideration.
We will never know if the jury would have granted Gaytan qualified immunity under the facts of this case because there was no separate interrogatory to draw the jury’s attention to the objective legal reasonableness of his conduct. Gaytan raised factual issues regarding the force used after removing Sikes from his cell. First, Gaytan showed that Sikes demonstrated aggressive, menacing behavior, even spitting at him in an assaultive manner. Second, Gaytan presented expert testimony that Gaytan acted in accordance with the prison’s policies and procedures in pulling Sikes to the ground to subdue him. Thus, *496 Gaytan brought evidence from which a jury could find that he reasonably believed that the forced applied to Sikes was reasonable. We have no reason to be confident, however, that the jury considered these facts to determine whether Gaytan acted in accordance with the reasonableness standard and was thus entitled to qualified immunity. This is so because there is no separate interrogatory and the interrogatory that we do have actively misleads the jury away from qualified immunity. Therefore, I respectfully dissent.

. The majority citation to Barton’s Disposal Service, Inc. v. Tiger Corp., 886 F.2d 1430, 1435 (5th Cir.1989), is not on point. Barton’s stands for the proposition that jury interrogatories are considered in conjunction with the jury charge to determine whether they accurately convey the law as a whole. Barton's does not address this case where the interrogatories and jury instructions are arguably inconsistent, or at least confusing when taken together.